# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 11 CR 360** |
| **ARCADIO HERNANDEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Arcadio Hernandez's (Hernandez) post-trial motion for a judgment of acquittal. For the reasons stated below, the motion is denied.

## BACKGROUND

On December 3, 2012, a jury trial commenced in the instant action. On December 6, 2012, Hernandez was found guilty by a jury on Count One of the Amended Indictment, which charged Hernandez with Possession of a Firearm by a Felon in violation of 18 U.S.C. § 922(g)(1), and Hernandez was found not guilty by a jury on Count Two of the Amended Indictment, which charged Hernandez with Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1). Hernandez now moves for a judgment of acquittal with respect to Count One.

**LEGAL STANDARD**

A defendant in a criminal case who has been found guilty by a jury may move for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c) (Rule 29(c)). Fed. R. Crim. P. 29(c). If the defendant is challenging the sufficiency of the evidence presented at trial, the court must "consider the evidence in the light most favorable to the prosecution, drawing all reasonable inferences in the government's favor," and a "[r]eversal is appropriate only when, after viewing the evidence in such a manner, no rational jury 'could have found the defendant to have committed the essential elements of the crime.'" *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006)(quoting *United States v. Masten,* 170 F.3d 790, 794 (7th Cir. 1999)); *see also United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)(stating that "[a] district court should grant a motion for a judgment of acquittal only when there is insufficient evidence to sustain a conviction"); *United States v. Pree*, 408 F.3d 855, 865 (7th Cir. 2005)(stating that a motion for acquittal should be granted "only if, viewing the evidence in the light most favorable to the Government, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt").

**DISCUSSION**

Hernandez argues that there was not sufficient evidence at trial to show beyond a reasonable doubt that he knowingly possessed a firearm. The Seventh

Circuit has stated that "[a] defendant who challenges the sufficiency of the evidence faces a nearly insurmountable hurdle [in that] [the Court] consider[s] the evidence in the light most favorable to the Government, defer[s] to the credibility determination of the jury, and overturn[s] a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Gougis*, 432 F.3d 735, 743-44 (7th Cir. 2005)(internal quotations omitted)(quoting *United States v. Jackson*, 177 F.3d 628, 630 (7th Cir. 1999)).

Hernandez argues that his fingerprints were not found on any of the physical evidence. However, Hernandez concedes that certain of the Government's witnesses testified that, when they first saw him, Hernandez was holding a red bag and that immediately after Hernandez dropped the red bag, the witnesses found a firearm in the red bag. Hernandez also concedes that the same witnesses also testified that after Hernandez's arrest, he explained to them how he had obtained the firearm. In addition, at trial, the Government presented evidence, in the form of a stipulation, that metal and plastic surfaces are not conducive to retaining fingerprints for various reasons. Thus, there was ample evidence upon which a rational jury could convict Hernandez of knowingly possessing a firearm. To the extent that Hernandez seeks to challenge the credibility determinations made by the jury regarding the Government's witnesses, this court's role in ruling on post-trial motions is not to second-guess the jury's credibility determinations. *Galati*, 230 F.3d at 258 (stating that "[i]n assessing the sufficiency of the evidence, the court will not re-weigh the

evidence or judge the credibility of witnesses" and "[a]s long as there is a reasonable basis in the record for the jury's verdict, it must stand"). Hernandez has not shown that there is no reasonable basis in the record to support the jury's verdict. Therefore, based on the above, the motion for a judgment of acquittal is denied.

## CONCLUSION

Based on the foregoing analysis, the motion for a judgment of acquittal is denied.


_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   January 31, 2013